# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class LUIS A. ORTIZ**
**United States Army, Appellant**

ARMY 20110335

Headquarters, Joint Readiness Training Center and Fort Polk
James L. Varley, Military Judge
Major Robert L. Shuck, Acting Staff Judge Advocate (pretrial)
Colonel Keith C. Well, Staff Judge Advocate (recommendation & addendum)

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Ellen S. Jennings, JA (on brief).

28 June 2012

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of manslaughter and failure to obey a lawful regulation, in violation of Articles 119 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 919, 892 (2006), respectively. The convening authority approved the adjudged sentence to a bad-conduct discharge, confinement for thirty-eight months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

In this case, we face an error in the post-trial review process. Appellant submitted six letters of support with his Rule for Courts-Martial 1105 matters; however, the record contains only five of these letters. The record further indicates that, prior to taking action, the convening authority was not provided the missing letter with appellant's R.C.M. 1105 matters.

The government concedes the error and urges us to return this case for a new review and action. Although their position is understandable to some extent, we do not read the cases cited by the government supporting their position to require a *per*

*se* finding of error and prejudice as they obviously do. Appellant still has the burden to make "some colorable showing of possible prejudice" to be entitled to relief. *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998). In that regard we note appellant's failure to provide a copy of the missing letter, to describe its contents in any fashion, or to make any showing of prejudice other than it apparently was missing from those matters considered by the convening authority. However, in an abundance of caution and given the government's position we will grant their request.

Accordingly, the convening authority's initial action, dated 2 September 2011, is set aside. The record of trial is returned to The Judge Advocate General for a new staff judge advocate recommendation and a new initial action by the same or a different convening authority in accordance with Article 60(c)-(e), UCMJ.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court